UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH E. LAWRENCE,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>DR. MICHAEL MINEV, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-00325-ART-EJY<br><br>ORDER |

*Pro se* Plaintiff Joseph E. Lawrence brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. (ECF No. 1-1). On March 7, 2022, this Court ordered Plaintiff to file a complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before May 6, 2022. (ECF No. 4). The Court warned Plaintiff that the action could be dismissed if he failed to file a complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 2-3). That deadline expired and Plaintiff did not file a complete application to proceed *in forma pauperis* or pay the full filing fee. Because Plaintiff submitted a "Notice" purporting to explain why he had not paid the filing fee or filed an *in forma pauperis application*, the Court considered meaningful alternatives to dismissal and issued another order granting Plaintiff one final opportunity to file a complete application to proceed in *forma pauperis* or pay the full filing fee on or before July 6, 2022. (ECF No. 8). That deadline expired and Plaintiff still has not filed a complete application to proceed *in forma pauperis* or paid the full filing fee.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where

appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that

1     "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
2     pursuit of less drastic alternatives prior to disobedience of the court's order as
3     satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled
4     with the warning of dismissal for failure to comply[,]" have been "eroded" by
5     *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
6     dismissing a case, but must explore possible and meaningful alternatives."
7     *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
8     cannot realistically proceed until and unless Plaintiff either files a complete
9     application to proceed *in forma pauperis* or pays the $402 filing fee for a civil
10    action, the only alternative is to enter a third order setting another deadline. But
11    the reality of repeating two ignored orders is that it often only delays the inevitable
12    and squanders the Court's finite resources. The circumstances here do not
13    indicate that this case will be an exception: there is no indication that Plaintiff
14    needs additional time or evidence that he did not receive the Court's orders.
15    Setting a third deadline is not a meaningful alternative given these
16    circumstances. So the fifth factor favors dismissal.

17    **II.**    **CONCLUSION**

18         Having thoroughly considered these dismissal factors, the Court finds that
19    they weigh in favor of dismissal. It is therefore ordered that this action is
20    dismissed without prejudice based on Plaintiff's failure to file a complete
21    application to proceed *in forma pauperis* or pay the full $402 filing fee in
22    compliance with this Court's March 7, 2022 and June 3, 2022, orders. The Clerk
23    of Court is directed to enter judgment accordingly and close this case. No other
24    documents may be filed in this now-closed case. If Plaintiff wishes to pursue his
25    claims, he must file a complaint in a new case.

26         It is further ordered that Plaintiff's pending motions (ECF Nos. 1-3, 2, 5)
27    are denied as moot.

28

DATED THIS 11th day of August 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE